IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CRIMINAL NO.  07-30143-GPM |
| ) | |
| JUSTIN KRIVI, a/k/a Justin Wheeler, ) | |
| ) | |
| Defendant. ) | |

# FINAL ORDER OF FORFEITURE

**MURPHY, District Judge:**

On July 27, 2009, this Court issued an order for forfeiture against Defendant Justin Krivi for the following property:

> **REAL PROPERTY:**
> Real property located at 306 Kavanaugh, Pocohantas, Illinois, more fully described as: Lot 10 in Block 10 in Challis Addition to the Village of Pocohantas, Bond County, Illinois, Parcel No. 07-32-04-202-056, and all attachments and appurtenances thereto.
>
> **VEHICLE:**
> One 2001 Chevrolet Monte Carlo SS, VIN: 2G1WX15K119120590, with all accessories, attachments and components thereon.

The United States provided an opportunity for persons to claim a legal interest in the property pursuant to 21 U.S.C. § 853(n)(1).  Such notice was published by the United States on an official government website, www.forfeiture.gov, for 30 consecutive days beginning September 4, 2009, and ending October 3, 2009.  No third party filed a petition within 30 days after the last date of said publication to allege an interest in the property.

On September 30, 2009, the United States Marshals Service attempted to serve any occupant

of the above-described real property; however, the real property was vacant. On that same date, the United States Marshals Service posted notice of this forfeiture on said real property. On October 21, 2009, notice was personally served on Olivia Dalmasso, on behalf of Viktoria Dalmasso, at her usual place of abode.

On September 3, 2009, notice was mailed to the Bond County States Attorney and to the tax buyer for the real estate, Prairie State Securities.

On October 20, 2008, a Preliminary Order of Forfeiture was entered (Doc. 60) based on Justin Krivi's guilty plea. As a result of said Order, the United States published notice of said forfeiture order in the *The Legal Reporter* newspaper on November 19, 2008; November 26, 2008; and December 3, 2008 (*see* Doc. 95). No petitions were filed in response to said published notice. On July 27, 2009, the aforesaid Preliminary Order of Forfeiture was vacated (Doc. 166) after Justin Krivi withdrew his guilty plea. The Court finds that the original publication beginning on November 19, 2008, satisfies any requirements that notice be published in a newspaper with respect to the subsequent Preliminary Order of Forfeiture issued on July 27, 2009 (Doc. 168), as the October 20, 2008 Preliminary Order of Forfeiture and the July 27, 2009 Preliminary Order of Forfeiture refer to the forfeiture of the identical property for the identical offense. As previously noted, notice of the July 27, 2009 Preliminary Forfeiture Order also was published on the internet.

The Court hereby **finds**, pursuant to 21 U.S.C. § 853(n)(7), that no third-party petitions having been filed, the United States of America has clear title to the property that is the subject of the Order of Forfeiture filed on July 27, 2009, namely:

**REAL PROPERTY:**
Real property located at 306 Kavanaugh, Pocohantas, Illinois, more fully described as: Lot 10 in Block 10 in Challis Addition to the Village of Pocohantas, Bond County, Illinois, Parcel No. 07-32-04-202-056, and all attachments and appurtenances thereto.

**VEHICLE:**
One 2001 Chevrolet Monte Carlo SS, VIN: 2G1WX15K119120590, with all accessories, attachments and components thereon.

The United States Marshals Service shall dispose of the property according to law.

The Court **further finds** that under the "relation-back" doctrine codified in 21 U.S.C. § 881(h), all right, title, and interest in the subject matter property vested in the United States upon the commission of the act giving rise to forfeiture; in the instant case, the property vested in the United States no later than September 19, 2007, when the indictment was filed.  Therefore, the real estate is exempt from any real estate taxation from September 19, 2007, until such date that the property is transferred from the United States to a non-exempt owner.  The United States shall pay any taxes or tax liens accruing prior to September 19, 2007, and may, at its discretion, voluntarily pay, as if the property were not exempt, any taxes or tax liens accruing after September 19, 2007, but prior to July 27, 2009, when the Preliminary Order for Forfeiture was filed.  Any taxes or tax liens paid by the United States shall be considered part of the costs and expenses associated with the forfeiture and sale of the subject-matter real estate and shall be reimbursed from the proceeds of the sale.  This Court retains jurisdiction to determine any and all issues regarding any real estate taxes imposed on the property prior to the date of this Final Order of Forfeiture, and no tax purchaser, tax certificate holder, taxing authority, or any other person or entity shall take any steps to collect said taxes, enforce said tax liens, or commence state court tax deed proceedings and notices, except as specifically authorized by this District Court after notice to the United States and a hearing.  The

United States shall record this Final Order of Forfeiture to provide notice of this prohibition and shall mail a copy to Prairie State Securities and to the State's Attorney of Bond County, Illinois, as the attorney for the taxing authorities.

The United States Marshal shall take immediate custody and control of the forfeited real and personal property. Any personal property remaining on the premises will be considered abandoned and may be disposed of by the United States Marshals Service by any means it deems appropriate and without any obligation to pay compensation or damages for same. In the event the property no longer is vacant, any person on the premises may be forcibly removed by the United States Marshal, and this Order shall constitute a writ and order for assistance for said eviction.

The United States may at its discretion abandon the forfeiture of any of the above-listed property at any time by filing notice of said abandonment with the Court.

**IT IS SO ORDERED.**

DATED: 05/19/10

                                              s/ *G. Patrick Murphy*
                                              G. PATRICK MURPHY
                                              United States District Judge