IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 3:07–CR-30143-NJR |
| JUSTIN KRIVI, | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter comes before the Court on Defendant Justin Krivi's Motion to Correct Clerical Error Pursuant to Rule 36 of the Federal Rules of Criminal Procedure (Doc. 205). Krivi asks the Court to amend the written judgment pursuant to Rule 36 to conform to the District Court's oral pronouncements.

Krivi was charged by superseding indictment with four counts: conspiracy to distribute 1000 kilograms or more of marijuana, 5 kilograms or more of cocaine, and 50 or more grams of meth (Count 1); possession with intent to distribute 500 grams or more of cocaine (Count 2); possession with intent to distribute 100 kilograms or more of marijuana (Count 3); and possession with intent to distribute 50 grams or more of methamphetamine (Count 4) (Doc. 102).

Krivi initially pleaded guilty before Magistrate Judge Clifford J. Proud on August 18, 2008 (Docs. 51, 75). Krivi later withdrew his plea and went to trial on the charges against him. On the second day of trial, May 13, 2009, Krivi again decided to plead guilty, and the Court conducted a Change of Plea hearing (Docs. 160, 195).

While under oath, Krivi pleaded guilty to Counts 1, 2, and 3; Count 4, the methamphetamine charge, was dismissed at sentencing in exchange for Krivi agreeing to waive his right to appeal his sentence or to collaterally attack his sentence (*Id.*). The Government also agreed with Krivi that he would plead guilty to the conspiracy alleged in Count 1, but only as to the cocaine and marijuana—not the methamphetamine. District Judge G. Patrick Murphy[1] indicated his understanding that methamphetamine would not be part of Count 1, as demonstrated by the following exchange:

> The Court: No one has promised you anything other than that in consideration of your plea of guilty to Counts 1, 2, and 3 the government will give up or dismiss Count 4 and you, in turn, will execute a waiver of appeal?
>
> Mr. Krivi: Yes.
>
> The Court: Which means that you can't appeal my sentence.
>
> Mr. Krivi: But they will amend Count 3 to exclude the meth, correct?
>
> Mr. Killian: To exclude—not Count 3, that's Count 4.
>
> Mr. Krivi: Count 1.
>
> Mr. Killian: Your Honor, just for –
>
> The Court: The conspiracy count is Count 1 and the conspiracy will not include the meth.
>
> Mr. Killian: Exactly.
>
> The Court: The Court understands that perfectly. And when I sentence you, I will not consider the meth. (Doc. 195, p. 129).

Further, Judge Murphy omitted any reference to methamphetamine when asking Krivi how he pleaded to Count 1:

---

[1] Judge Murphy retired in December 2013; Krivi's case was transferred to the undersigned District Judge when this motion was filed in December 2017.

> The Court: Mr. Krivi, how do you plead to Count 1, which in accordance with your agreement with the government charges you with conspiracy to distribute and possess with intent to distribute marijuana and cocaine?
>
> Mr. Krivi: Guilty.

(Doc. 195, p. 134). The Court then accepted the "limited but open plea agreement that you have with the Government" and found Krivi guilty of Counts 1, 2, and 3 of the indictment "as charged, including the amounts claimed." (*Id.* at p. 136).

The written Judgment was entered on July 28, 2009. The written Judgment says that Krivi was "adjudicated guilty" of Counts 1, 2, and 3 of the superseding indictment, with Count 1 described as: "Consp. To distribute 1000 kilograms or more of marijuana & 5 kilograms or more of cocaine & 50 or more grams of meth." It further indicates that Count 4 was dismissed on the motion of the United States (Doc. 169).

On December 22, 2017, Krivi filed the instant Motion to Correct Clerical Error Pursuant to Rule 36 (Doc. 205). Krivi, through his appointed public defender, asks that his written Judgment be amended to conform to the Court's oral pronouncements that Count 1 would only be based on marijuana and cocaine. Counsel for Krivi does not believe any such amendment would affect Krivi's guideline range or his ultimate sentence.

In response, the Government notes that Krivi is raising this request for the first time, long after sentencing, and after having exhausted every avenue to attack his sentence (Doc. 207). The Government also suspects this motion is nothing more than an attempt to get yet another ruling from a district court so that Krivi can "further his appellate practice." Nevertheless, the Government concedes that it appears Judge

Murphy sentenced Krivi based on a conspiracy involving marijuana and cocaine, not methamphetamine. And, since the reference to methamphetamine in the Judgment has no bearing on the sentence imposed, the request would be properly addressed by Rule 36. Accordingly, the Government has no objection to redacting the reference to methamphetamine so that Count 1 of the Judgment reads: "Conspiracy to distribute 1,000 kilograms or more of marijuana and 5 kilograms or more of cocaine."

Under Rule 36, "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." FED. R. CRIM. P. 36. Clerical errors are transcriptional; Rule 36 does not provide an avenue for relief from substantive errors. *See United States v. Daddino*, 5 F.3d 262, 264 (7th Cir. 1993). The rule enables correction "at any time" if a judge's oral pronouncement of a sentence does not match the written judgment that follows. *United States v. Chaney*, 295 F. App'x 814, 816 (7th Cir. 2008). "An unambiguous pronouncement from the bench controls over a conflicting written judgment." *United States v. Murphy*, 329 F. App'x 653, 655 (7th Cir. 2009) (citing *United States v. Alburay*, 415 F.3d 782, 788 (7th Cir. 2005)).

After thoroughly reviewing the record, the Court concludes that the Judgment should be corrected to accurately reflect the conduct to which Krivi pleaded guilty. Judge Murphy unambiguously stated during the hearing that the conspiracy charge in Count 1 would not include methamphetamine. And, when reading the charge to Krivi, "in accordance with [his] agreement with the Government," Judge Murphy only referenced cocaine and marijuana. Judge Murphy further stated that he would not

consider the methamphetamine when sentencing Krivi. Yet, the written Judgment references methamphetamine.

Because Judge Murphy's oral pronouncement from the bench does not match the written Judgment, the Court finds that this is a situation appropriately addressed by Rule 36. Accordingly, the Court **GRANTS** the Motion to Correct Clerical Error Pursuant to Rule 36 (Doc. 205). The Judgment is **CORRECTED** to redact the reference in Count 1 to "& 50 or more grams of meth." The remainder of the Judgment shall stand.

**IT IS SO ORDERED.**

DATED:   February 23, 2018

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**